AVERY, ADMINISTRATOR *v.* SOMSEL.

[No. 14,851.   Filed December 12, 1934.]

*Thomas M. Ryan, Paul E. Laymon,* for appellant.
*William Robison,* for appellee.

DUDINE, P. J.—Appellee filed suit to recover possession of an automobile. The complaint was in the usual form of replevin complaint, and alleged ownership and

right of immediate possession in appellee, and unlawful detention by appellant. A writ of replevin was issued and appellant gave bond in due form. Appellant filed answer in general denial. The cause was submitted to the court for trial without a jury. The court found for appellee that appellee should recover possession of the automobile, and rendered judgment accordingly.

Appellant filed a motion for new trial which was overruled, whereupon appellant perfected this appeal, assigning the court's action on said motion as the sole error relied upon for reversal.

The only cause for new trial assigned in said motion which needs to be discussed is, that the decision of the court is not sustained by sufficient evidence.

Appellee has not filed an answer brief. His failure to file a brief will be construed as a confession of error, if appellant has made a prima facie showing of reversible error in his brief.

Appellant's brief represents that the evidence shows that Eli W. Avery, appellant's decedent, died May 16, 1930; on February 15, 1930, the decedent signed a bill of sale of the automobile, setting forth a transfer of the automobile to appellee for a valid consideration, and on the same date decedent acknowledged the execution of the bill of sale before a notary public; that the bill of sale remained in decedent's possession and control until his death; that after decedent's death the bill of sale was found among his papers.

Appellant's brief further represents that there was no evidence introduced which showed that either the bill of sale or the automobile was delivered to appellee during the lifetime of decedent, and appellant contends the judgment must be reversed on account of the lack of such evidence.

We have searched the record to see whether it contains such evidence, so that if it did contain such evi-

dence we might affirm the judgment, but we did not find such evidence. It is apparent from the record that appellee proceeded upon a theory that decedent had given the automobile to appellee as a gift.

It is elementary that to consummate a gift *inter vivos* there must be a delivery, either actual or constructive, of the property intended to be given. The mere signing of the bill of sale and acknowledgment of it before a notary public did not transfer ownership from decedent to appellee. There was some evidence that decedent had said he was going to give the automobile to appellee, but evidence of intention to give does not constitute delivery. *Reasner, Admr.* v. *Bohne* (1921), 76 Ind. App. 114, 129 N. E. 490. There being no evidence of a delivery, the evidence did not prove a gift, and no gift having been proven appellee was not entitled to a judgment for possession thereof. The evidence does not sustain the judgment.

Judgment reversed with instructions that the motion for new trial be sustained, and for further proceedings not inconsistent with this opinion.